UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE NATIONAL AUTOMATIC )
SPRINKLER INDUSTRY WELFARE FUND, )
TRUSTEES OF THE NATIONAL AUTOMATIC )
SPRINKLER LOCAL 669 UA EDUCATION FUND, )
TRUSTEES OF THE NATIONAL AUTOMATIC )
SPRINKLER INDUSTRY PENSION FUND, )
TRUSTEES OF THE SPRINKLER INDUSTRY )
SUPPLEMENTAL PENSION FUND and )
TRUSTEES OF THE INTERNATIONAL )
TRAINING FUND )
8000 Corporate Drive )
Landover, MD 20785, )
            )
      Plaintiffs, )
            )
   v.         ) C.A. NO.:
            )
RAKS FIRE SPRINKLER, LLC )
P.O. Box 18612 )
Hattiesburg, MS 39404-8612 )
            )
Serve: Donna A. Ali, Registered Agent )
    302 First Hopewell Road )
    Hattiesburg, MS 39404 )
            )
      Defendant. )

## COMPLAINT

(FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT AND
TO COLLECT CONTRIBUTIONS DUE TO PLAINTIFF FUNDS)

### PARTIES

1. Plaintiffs Trustees of the National Automatic Sprinkler Industry Welfare Fund, Trustees of the National Automatic Sprinkler Local 669 UA Education Fund, Trustees of the National Automatic Sprinkler Industry Pension Fund, Trustees of the Sprinkler Industry Supplemental Pension Fund and Trustees of the International Training Fund (hereinafter "NASI Funds") are employee benefit plans as that term is defined in Section 3(3) of the Employee Retirement Income Security Act

("ERISA") of 1974, 29 U.S.C. § 1002(3). Plaintiff NASI Funds are established and maintained according to the provisions of the Restated Agreements and Declarations of Trust establishing the Funds (hereinafter "NASI Trust Agreements") and the Collective Bargaining Agreement between Road Sprinkler Fitters Local Union No. 669 and the Defendant. The NASI Funds are administered at 8000 Corporate Drive, Landover, Maryland 20785.

2. The Defendant Raks Fire Sprinkler, LLC is a corporation existing under the laws of the State of Mississippi with offices located in Mississippi. Defendant transacts business in the State of Mississippi as a contractor or subcontractor in the sprinkler industry and all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3), 2(2) of the Labor-Management Relations Act, 29 U.S.C. Sections 142(1), (3) and 152(2); Section 3(5), (9), (11), (12), (14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12), (14); and Section 3 of the Multi-Employer Pension Plan Amendments of 1980, 29 U.S.C. § 1001(a).

## JURISDICTION

3. This Court has jurisdiction of this action under Sections 502 and 515 of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a). This is an action for breach of a Collective Bargaining Agreement between an employer and a labor organization representing employees in an industry affecting commerce and an action to collect contributions due to employee benefit plans under the terms of the Collective Bargaining Agreement.

## COUNT I

4. Defendant is signatory to a Collective Bargaining Agreement with Road Sprinkler Fitters Local Union No. 669 requiring contributions to the NASI Funds for each hour of work by employees performing installation of automatic sprinkler systems.

5. Defendant employed certain employees covered by the Collective Bargaining Agreement during the months of January 2011 through the present.

6. Defendant is bound to the NASI Trust Agreements and the Guidelines for Participation in the NASI Funds (hereinafter "Guidelines").

7. Pursuant to the terms of the Defendant's Collective Bargaining Agreement with Local Union No. 669, the Trust Agreements and the Guidelines, the Trustees of the NASI Funds have the authority to conduct an audit of the payroll and wage records of the Defendant for the purposes of determining the accuracy of contributions to the Funds.

8. In 2015, the NASI Funds' auditor performed an audit of the Defendant's wage and payroll records covering the period of January 1, 2011 through September 30, 2014. Said audit revealed contributions due and owing to the Plaintiff Funds by the Defendant in the amount of $19,153.99.

9. Defendant's contributions as revealed owed by the wage and payroll audit of the Defendant's records for the period of January 1, 2011 through September 30, 2014 are late.

10. Pursuant to the NASI Funds Trust Agreement, an employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be obligated to pay liquidated damages as follows:

> (1) If payment is not received in the Funds Office by the 15th of the month, 10% of the amount is assessed.
>
> (2) An additional 5% is added if payment is not received in the Funds Office by the last working day of the month in which payment was due.
>
> (3) An additional 5% is added if payment is not received by the 15th of the month following the month in which payment was due.

11. Pursuant to this provision, Defendant is obligated to the Plaintiff Funds in the amount of $3,830.80 for liquidated damages assessed on the late contributions as set forth herein, plus

interest at the rate provided in the NASI Trust Agreements, the Guidelines, and 29 U.S.C. Section 1132(g) from the date of delinquency to the date of payment.

**WHEREFORE**, in Count I, Plaintiff Funds pray judgment for Judgment against the Defendant as follows:

A.    In the amount of $19,153.99 for contributions as revealed owed by the audit of Defendant's wage and payroll records for the period of January 1, 2011 through September 30, 2014, plus costs, interest, and reasonable attorneys' fees, pursuant to the Collective Bargaining Agreement, the NASI Funds Trust Agreements, the Guidelines, the Local 281 Trust Agreement and 29 U.S.C. § 1132(g).

B.    In the amount of $3,830.80 for liquidated damages assessed on late contributions as revealed owed by the audit of Defendant's wage and payroll records for the period of January 1, 2011 through September 30, 2014, plus costs, interest, and reasonable attorneys' fees, pursuant to the Collective Bargaining Agreement, the NASI Funds Trust Agreements, the Guidelines, the Local 281 Trust Agreement and 29 U.S.C. § 1132(g).

C.    For all contributions and liquidated damages which become due subsequent to the filing of this action through the date of judgment, plus costs, interest, and reasonable attorneys' fees, pursuant to the Collective Bargaining Agreement, the Trust Agreements, the Guidelines and 29 U.S.C. § 1132(g).

D.  For such further relief as the Court may deem appropriate.

                    Respectfully submitted,

**O'DONOGHUE & O'DONOGHUE LLP**
4748 Wisconsin Avenue, N.W.
Washington, D.C. 20016
(202) 362-0041 – telephone
(202) 362-2640 – facsimile
cgilligan@odonoghuelaw.com


By: _____/s/_____
    Charles W. Gilligan
    Maryland Bar No. 05682

    Attorneys for Plaintiffs

264204_1

# CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 15th day of October, 2015 on the following:

    The Office of Division Counsel
    Associate Chief Counsel (TE/GE) CC: TEGE
    Room 4300
    1111 Constitution Avenue
    Washington, DC  20224
    Attention:  Employee Plans

    Secretary of Labor
    200 Constitution Avenue, N.W.
    Washington, DC  20210
    ATTENTION:  Assistant Solicitor for
        Plan Benefits Security

                                        /s./
                                Charles W. Gilligan

264204_1